UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIA RUOTOLO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HOMEGOODS, INC., a Delaware Corporation; THE TJX COMPANIES, INC., a Delaware Corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.:  3:21-cv-01495-AJB-LL<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION**<br><br>**(Doc. No. 2)** |

Before the Court is HomeGoods, Inc. and the TJX Companies, Inc.'s ("Defendants") motion to compel arbitration in Valeria Ruotolo's ("Plaintiff") civil action for alleged labor and employment violations. (Doc. No. 2.) The Court set a briefing schedule for the motion, directing that any opposition be filed by September 13, 2021. (Doc. No. 3.) Plaintiff did not file an opposition or otherwise respond to Defendants' motion. Pursuant to Local Rule 7.1(d)(1), the Court deems this matter suitable for determination without oral argument and hereby **VACATES** the motion hearing date scheduled for October 7, 2021. For the reasons set forth below, the Court **GRANTS** Defendants' motion.

## I.  BACKGROUND

This case concerns Plaintiff's allegations that throughout her employment with Defendants, Defendants denied her protections and benefits under the California Labor Code. Specifically, Plaintiff claims that Defendants are liable for: (1) meal and rest period violations, (2) minimum wage violations, (3) overtime violations, (4) wage statement violations, (5) failure to reimburse for business expenses, (6) failure to pay wages upon separation, and (7) Business and Professions Code § 17200 violations. Plaintiff filed her Complaint in San Diego Superior Court on May 28, 2021. Defendants subsequently removed the case to this Court and filed a motion to compel arbitration of the dispute. This Order follows.

## II.  LEGAL STANDARD

The Federal Arbitration Act ("FAA") governs the enforcement of arbitration agreements involving interstate commerce. *See* 9 U.S.C. § 2. Pursuant to § 2 of the FAA, an arbitration agreement is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Id.* The FAA permits "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in [the] agreement." *Id.* § 4.

Given the liberal federal policy favoring arbitration, the FAA "mandates that district courts shall direct parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). Thus, in a motion to compel arbitration, the district court's role is limited to determining "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Kilgore v. KeyBank Nat'l Ass'n*, 673 F.3d 947, 955–56 (9th Cir. 2012) (citing *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)). If these factors are met, the court must enforce the arbitration agreement in accordance with its precise terms. *Id.*

### III. DISCUSSION

Defendants contend that at the time of her hire Plaintiff entered into a valid arbitration agreement, which requires her to arbitrate "any dispute, past, present or future, arising out of or related to [Plaintiff's] employment with The TJX Companies, Inc. or one of its affiliates, successors, subsidiaries or parent companies . . . regardless of its date of accrual and survives after the employment relationship terminates." (Doc. No. 2-2 at 6.)[1] Defendants argue that because Plaintiff's wage and hour claims arise from her employment with them, her claims are covered by the arbitration agreement to which she is bound. Plaintiff did not file an opposition brief. And the record indicates that she does not oppose the motion. (Doc. No. 4 at 2 ("Plaintiff has not opposed Defendants' Motion to Compel Arbitration, and has indicated to Defense counsel that Plaintiff does not intend to do so.").) Therefore, no issue as to the validity or enforceability of the agreement has been raised. Accordingly, the Court finds the arbitration agreement "valid, irrevocable, and enforceable," requiring Plaintiff to submit her claims to arbitration in accordance with the terms of the agreement. 9 U.S.C. § 2; *Kilgore*, 673 F.3d at 955–56.

### IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' motion to compel arbitration. (Doc. No. 2.) Moreover, pursuant to the FAA, the Court **STAYS** the judicial proceedings pending the outcome of the arbitration. *See* 9 U.S.C. § 3. The parties are **ORDERED** to file a joint status report with this Court, detailing the progress of the arbitration within 180 days of the date of this Order. The Clerk of Court is **DIRECTED** to vacate the motion hearing date scheduled for October 7, 2021.

**IT IS SO ORDERED**.

Dated: October 4, 2021

*[signature]*
Hon. Anthony J. Battaglia
United States District Judge

---

[1] The pinpoint page citations refer to the ECF-generated page numbers at the top of each filing.